**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **BENNY F. MARTIN, II,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 10-CV-0699-CVE-PJC |
| | ) |
| **CREEK COUNTY JAIL;** | ) |
| **KELLY BIRCH, Captain;** | ) |
| **DETENTION OFFICER SMITH;** | ) |
| | ) |
| **Defendants.** | ) |

**OPINION AND ORDER**

On November 1, 2010, Plaintiff, a state prisoner in custody at the Creek County Criminal Justice Center and appearing *pro se*, submitted for filing a 42 U.S.C. § 1983 civil rights complaint (Dkt. # 1), and a motion to proceed *in forma pauperis* (Dkt. # 2). Plaintiff complains of the conditions of his confinement at the Creek County Jail. For the reasons discussed below, the Court finds Plaintiff shall be allowed to proceed *in forma pauperis*. However, his complaint is subject to being dismissed for failure to state a claim upon which relief may be granted.

**A. Motion to proceed *in forma pauperis***

After reviewing Plaintiff's motion for leave to proceed *in forma pauperis*, the Court finds that Plaintiff has been without funds in his institutional account(s) for the period immediately preceding the filing of the complaint and is currently without funds sufficient to prepay the $350 filing fee required to commence this action. Accordingly, the Court finds Plaintiff is entitled to proceed without prepayment of the filing fee, and his motion for leave to proceed *in forma pauperis* shall be granted. However, pursuant to 28 U.S.C. §1915(b)(1), Plaintiff shall be required to pay the full $350 filing fee as set forth hereafter.

Plaintiff shall make monthly payments of 20 percent of the preceding month's income credited to his institutional account(s) until he has paid the total filing fee of $350. 28 U.S.C. § 1915(b)(2). The Court will enter an order directing the agency having custody of Plaintiff to collect and forward such monthly payments to the Clerk of the Court each time the amount in the account exceeds $10 until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2). Interference by Plaintiff in the submission of these funds shall result in the dismissal of this action.

Plaintiff is advised that notwithstanding any filing fee, or any portion thereof, that may have been paid, the Court shall dismiss at any time all or any part of such complaint which (1) is frivolous or malicious; (2) fails to state a claim on which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e). Plaintiff is further advised that such monthly payments will continue to be collected until full payment of the filing fee has been received by the Court even after disposition of the case and regardless of whether relief is granted or denied.

**B. Complaint is subject to dismissal**

    **1. Standard for dismissal**

To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. Id. at 555. However, "when the allegations

in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. Id. at 558.

A *pro se* plaintiff's complaint must be broadly construed under this standard. Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). The generous construction to be given the *pro se* litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). A reviewing court need not accept "mere conclusions characterizing pleaded facts." Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990); see also Twombly, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quotations and citations omitted)). The Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-1174 (10th Cir. 1997). The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim. Kay v. Bemis, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

**2. Plaintiff's complaint fails to state a claim upon which relief may be granted**

In his complaint (Dkt. # 1), Plaintiff alleges that on October 3, 2010, the detention officer on duty, Defendant Smith, "made an unexceptable [sic] act of sexual harassment towards myself." Plaintiff claims that while he was asleep, Defendant Smith used "the antenna from his C.B. radio and ran it down the crack of my buttocks," in violation of the "14, 4, 8, 6, 5 Amendent [sic]." See

3

id. Plaintiff further alleges that on October 8, 2010, Defendant Kelly Birch "coerce[d] me to sign against my own allegation by threatening to segregate me to observation and taking all privelages [sic] from me. I feel Capt. Birch is showing a act of prejudice against me because of this action and a former case # 10-CV-617-GKF-FHM." Id. In his request for relief, Plaintiff states, "I believe a habeas corpus relef [sic] is in order, charges be press [sic] on D.O. Smith, and Capt. Birch for the sexualness [sic] of the case and coerce charges on Capt. Birch, and maximum dollar amount allowed by law be awarded to me as punitive damages." Id.

### a. Claim(s) against Creek County Jail

Under well established law, "Creek County Jail" is not a proper defendant in this civil rights action. While a city, county, or municipality may be named as a defendant in a civil rights action, numerous courts have held that governmental sub-units or departments are not separate suable entities and are not proper defendants in a § 1983 action. Martinez v. Winner, 771 F.2d 424, 444 (10th Cir. 1985), *vacated on other grounds*, Tyus v. Martinez, 475 U.S. 1138 (1986); Johnson v. City of Erie, 834 F. Supp. 873, 878 (W.D. Pa. 1993); PBA Local No. 38 v. Woodbridge Police Dept., 832 F. Supp. 808, 826 (D. N.J. 1993). Therefore, the Court finds that "Creek County Jail" shall be dismissed from this action.

### b. Claim(s) against Kelly Birch

Plaintiff's claim against Defendant Kelly Birch centers around the handling of Requests to Staff ("RTS") submitted by Plaintiff concerning the actions of D.O. Smith. Plaintiff attaches three RTSs to his complaint. See Dkt. # 1. None of the three indicates a disposition. Plaintiff claims that Defendant Birch "coerce[d] me to sign against my own allegations" by threatening to withdraw privileges and to place him in segregation. Plaintiff also alleges that the actions of Defendant Birch

amounted to retaliation for Plaintiff's filing of this action and another case in this Court, N.D. Okla. Case No. 10-CV-617-GKF-FHM.

"[P]rison officials may not retaliate against or harass an inmate because of the inmate's exercise of his constitutional rights . . . . [However,] [a]n inmate claiming retaliation must allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." Fogle v. Pierson, 435 F.3d 1252, 1263-64 (10th Cir. 2006) (quoting Peterson v. Shanks, 149 F.3d 1140, 1144 (10th Cir. 1998)); see also Smith v. Maschner, 899 F.2d 940, 947 (10th Cir. 1990). A plaintiff must demonstrate that his pursuit of administrative or judicial remedies was the "but for" cause of the retaliatory action. See Purkey v. Green, 28 Fed.Appx. 736, 746 (10th Cir. 2001) (unpublished) (citing Peterson, 149 F.3d at 1144). "Mere allegations of constitutional retaliation will not suffice; plaintiffs must rather allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." Frazier v. Dubois, 922 F.2d 560, 562 n.1 (10th Cir. 1990).

The complaint in this case is not a model of clarity. For example, Plaintiff appears to allege that Defendant Birch may have coerced him to withdraw his Request to Staff by threatening to take away Plaintiff's privileges and to place Plaintiff in segregation. Significantly, however, Plaintiff was able to file his complaint in this case. If Defendants were to allege in response to the complaint that Plaintiff failed to exhaust available administrative remedies, the Court would examine whether administrative remedies were "unavailable" based on Plaintiff's allegations. Furthermore, Plaintiff does not allege that he was actually placed in segregation or lost privileges as a result of retaliation. Thus there is no arguable basis for this claim. Frazier, 922 F.2d at 562 n.1. Unless Plaintiff amends

his complaint to clarify and allege additional facts, this claim is subject to dismissal for failure to state a claim upon which relief may be granted.

### c. D.O. Smith

Plaintiff alleges that in an isolated incident, Defendant Smith used the antenna of his C.B. radio to touch his buttocks in an inappropriate sexual manner. Plaintiff does not allege that he suffered any injury as a result of the actions of Defendant Smith. The Court finds Plaintiff's allegation, even if accepted as true, simply does not rise to the level of a constitutional violation. To state a claim under § 1983, an individual must allege misconduct that is "so egregious as to subject the aggrieved individual to a deprivation of constitutional dimensions." Wise v. Bravo, 666 F.2d 1328, 1333 (10th Cir. 1981). When misconduct falls short of this standard, an individual must seek relief in state court under traditional tort-law principles. Id.

As a preliminary matter, the Court notes that regardless of whether Plaintiff has been convicted or is in custody as a pretrial detainee, the Eighth Amendment standard provides the benchmark for a claim challenging the constitutionality of conditions of confinement. Craig v. Eberly, 164 F.3d 490, 495 (10th Cir. 1998). To the extent Plaintiff claims that Defendant Smith's conduct violated his Eighth Amendment right to be free from cruel and unusual punishment, it is well-established that "not . . . every malevolent touch by a prison guard gives rise to a federal cause of action . . . Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights . . . The Eighth Amendment's prohibition of cruel and unusual punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Hudson v. McMillian, 503 U.S. 1, 9-10 (1992) (internal quotation marks and citations omitted; emphasis supplied); Adkins v. Rodriguez, 59 F.3d 1034, 1037 (10th Cir. 1995); Northington v. Jackson, 973 F.2d 1518, 1524 (10th Cir. 1992).

In this case, while Plaintiff has described unacceptable conduct by a jailer, the Court finds Plaintiff has failed to state a claim for violation of the Eighth Amendment. The offensive conduct was isolated to a single incident and did not result in a physical injury. Other courts have also held that minor, isolated incidents of sexual touching coupled with occasional offensive sexual remarks do not rise to the level of an Eighth Amendment violation. See, e.g., Berryhill v. Schriro, 137 F.3d 1073, 1075 (8th Cir.1998) (finding that conduct of prison employees in briefly touching inmate's buttocks, unaccompanied by any sexual comments or banter, was not sexual assault required to support an Eighth Amendment claim); Rhoten v. Werholtz, 243 Fed.Appx. 364 (10th Cir. 2007) (unpublished) (finding inmate's allegations that while correctional officers conducted a pat down search, officer "slammed him against the wall, squeezed his nipples real hard, squeezed his buttocks, and pulled on his testicles real hard causing him a great deal of discomfort and pain," failed to state an Eighth Amendment violation); Jackson v. Madery, 158 Fed.Appx. 656, 661 (6th Cir. 2005) (unpublished) (correction officer's conduct in allegedly rubbing and grabbing prisoner's buttocks in degrading manner was "isolated, brief, and not severe" and so failed to meet Eighth Amendment standards); Johnson v. Ward, No. 99-1596, 2000 WL 659354, at *1 (6th Cir. May 11, 2000) (unpublished) (male prisoner's claim that a male officer placed his hand on the prisoner's buttock in a sexual manner and made an offensive sexual remark did not meet the objective component of the Eighth Amendment); Gist v. Little Sandy Correctional Complex, 2010 WL 1839911, *3 (E.D. Ky. May 7, 2010) (unpublished); Smith v. Los Angeles County, 2010 WL 2569232 (C.D. Cal. April 22, 2010); Payette v. Briggs, 2010 WL 775783, *3 (W.D. Mich. March 1, 2010) (unpublished); Osterloth v. Hopwood, 2006 WL 3337505, *6, *7 (D. Mont. Nov.15, 2006) (unpublished) (dismissing Eighth Amendment claim challenging search as sexually abusive; plaintiff alleged that

officer reached between his legs, grabbed his scrotum and penis and slid his hand between his buttocks; plaintiff said "that was pretty much sexual assault," and officer responded "yah pretty much").

Plaintiff also alleges that the Defendant Smith's actions violated his rights under the Fourteenth, Fourth, Fifth, and Sixth Amendments. Plaintiff fails, however, to offer an explanation for how Defendant Smith's actions violated his rights under the Fourth, Fifth, and Sixth Amendment. As stated above, Plaintiff is in state custody at the Creek County Criminal Justice Center and the defendants are employees of Creek County. The Fifth Amendment guarantees that the federal government will not deprive any person of "life, liberty, or property without due process of law." U.S. Const. amend. V; United States v. Buck, 281 F.3d 1336, 1345 (10th Cir. 2002). Therefore, Plaintiff's claim under the Fifth Amendment must fail because the defendants are not federal government actors. Similarly, Plaintiff's claims under the Fourth and Sixth Amendments fail because none of the protections afforded by those amendments are implicated by the facts alleged by Plaintiff. As a result, the complaint fails to state a claim upon which relief can be granted as to alleged violations of those amendments. As to Plaintiff's claim under the Fourteenth Amendment, the Court has discussed above that the Eighth Amendment standard serves as the benchmark for analysis. The Court further notes that the due process clause affords no greater protection to a prisoner than does the Eighth Amendment. Whitley v. Albers, 475 U.S. 312, 327 (1986). Whether conduct "shocks the conscience" and so violates due process depends on whether the conduct involves the "unnecessary and wanton infliction of pain." Id. Consequently, the Court's conclusion that Defendant Smith's conduct did not amount to cruel and unusual punishment properly disposes

9

of Plaintiff's due process claim as well. Accordingly, the Court finds that Plaintiff has failed to state a claim under § 1983.

### 3. Requests for relief

#### a. No habeas corpus relief

In his request for relief, Plaintiff states that "habeas corpus relef [sic] is in order." See Dkt. # 1. Habeas corpus relief is unavailable under 42 U.S.C. § 1983. Habeas corpus relief is provided by the habeas corpus statutes, 28 U.S.C. § 2241, et seq. Preisser v. Rodriguez, 411 U.S. 475, 487-490 (1973); Duncan v. Gunter, 15 F.3d 989 (10th Cir. 1994); Smith v. Maschner, 899 F.2d 940, 951 (10th Cir. 1990). Therefore, Plaintiff's remedy for habeas corpus relief would be to file a petition for a writ of habeas corpus under 28 U.S.C. § 2241 rather than a complaint under 42 U.S.C. § 1983.

#### b. No standing to bring criminal charges

Plaintiff also has no legal basis to pursue criminal charges through this civil action because private parties may not enforce criminal statutes. See, e.g., Florance v. Buchmeyer, 500 F.Supp.2d 618, 626 (N.D. Tex. 2007). In addition, there is no constitutional right to have someone criminally prosecuted. See Oliver v. Collins, 914 F.2d 56, 60 (5th Cir. 1990). Private citizens simply lack standing to use a civil forum to criminally prosecute anyone. See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973). Plaintiff may not seek redress for alleged unlawful conduct by pursuing criminal charges through this civil rights action.

#### c. No punitive damages

Punitive damages may be recovered for constitutional violations. However, the Court has determined above that Plaintiff's claims, as raised in the complaint, do not rise to the level of a constitutional violation. Accordingly, absent amendment, there is no basis for an award of punitive

damages. See Searles v. Van Bebber, 251 F.3d 869, 879 (10th Cir. 2001) (finding that punitive damages are appropriate in an action under § 1983 only if the challenged conduct is "shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others").

### 4. Opportunity to amend

For the reasons cited above, this 42 U.S.C. § 1983 action is subject to dismissal for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). However, should Plaintiff be able to clarify his claims or otherwise cure the deficiencies identified herein, he may file an amended complaint within thirty (30) days of the entry of this Order. Should Plaintiff fail to file an amended complaint by the deadline specified below, this action will be dismissed without prejudice for failure to state a claim upon which relief may be granted. The dismissal will count as Plaintiff's third[1] "prior occasion" under 28 U.S.C. § 1915(g) (providing that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury").

---

[1] The Court has dismissed two other civil rights actions filed by Plaintiff proceeding *in forma pauperis*, Case Nos. 09-CV-670-GKF-TLW, and 09-CV-758-GKF-TLW, for failure to state a claim.

11

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Plaintiff's motion to proceed *in forma pauperis* (Dkt. # 2) is **granted**.

2. The complaint (Dkt. # 1) is **subject to being dismissed without prejudice** for failure to state a claim upon which relief may be granted.

3. Within thirty (30) days of the entry of this Order, or by **December 13, 2010**, Plaintiff may file amended complaint should he be able to cure the deficiencies identified herein.

4. Should Plaintiff fail to file an amended complaint by the deadline specified above, this action will be dismissed without prejudice for failure to state a claim upon which relief may be granted. The dismissal will count as Plaintiff's third "prior occasion" under 28 U.S.C. § 1915(g).

**DATED** this 12th day of November, 2010.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT