**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **BENNY F. MARTIN, II,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 10-CV-0699-CVE-PJC |
| ) | |
| **CREEK COUNTY JAIL;** ) | |
| **KELLY BIRCH, Captain;** ) | |
| **DETENTION OFFICER SMITH;** ) | |
| ) | |
| **Defendants.** ) | |

## OPINION AND ORDER

On November 1, 2010, Plaintiff, a state prisoner appearing *pro se*, submitted for filing a 42 U.S.C. § 1983 civil rights complaint (Dkt. # 1) and a motion to proceed *in forma pauperis* (Dkt. # 2). By Opinion and Order filed November 12, 2010 (Dkt. # 3), the Court granted Plaintiff's motion to proceed *in forma pauperis* and advised Plaintiff that he remained obligated to pay the $350 filing fee in monthly installments. The Court also advised Plaintiff that his complaint was subject to dismissal for failure to state a claim upon which relief may be granted. Id. However, the Court provided Plaintiff with an opportunity to file an amended complaint to cure the identified deficiencies. Id.

On December 3, 2010, Plaintiff filed an amended complaint (Dkt. # 6). Upon careful review of the amended complaint, the Court finds nothing asserted therein changes the prior determination that Plaintiff has failed to state a claim upon which relief may be granted. Plaintiff provides even fewer facts in his amended complaint then he did in his original complaint. The focus of the amended complaint remains Plaintiff's claim that he was "sexually assaulted by a guard that [sic] is suppose [sic] to protect all inmates and their rights." See Dkt. # 6. In his original complaint,

Plaintiff alleged that on October 3, 2010, the detention officer on duty, Defendant Smith, "made an unexceptable [sic] act of sexual harassment towards myself." See Dkt. # 1. Plaintiff claimed that while he was asleep, Defendant Smith used "the antenna from his C.B. radio and ran it down the crack of my buttocks," in violation of the "14, 4, 8, 6, 5 Amendent [sic]." See id. Nothing provided by Plaintiff in the amended complaint alters the Court's prior determination that Plaintiff's allegations concerning the single incident, even if accepted as true, simply do not rise to the level of a constitutional violation. See Dkt. # 3. For that reason, this claim fails to state a claim upon which relief may be granted. See id.

Plaintiff also complains that "Capt. Birch coerced me into signing the (R.T.S.) thus taking away my due process of law." See Dkt. # 6. In the prior Opinion and Order (Dkt. # 3), the Court discussed Plaintiff's allegations as a claim of retaliation and determined that because Plaintiff had not alleged that he was actually placed in segregation or lost privileges as a result of the alleged retaliation, there was no arguable basis for the claim. Frazier v. Dubois, 922 F.2d 560, 562 n.1 (10th Cir. 1990) ("Mere allegations of constitutional retaliation will not suffice; plaintiffs must rather allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights."). In his amended complaint, Plaintiff continues to complain that he has not been provided copies of his Requests to Staff (RTS) and that Defendant Birch has made threats concerning his property, including his "legal work" for N.D. Okla. Case No. 10-CV-617-GKF-FHM, another civil rights action commenced by Plaintiff. As explained previously, see Dkt. # 3, if Defendants were to claim that Plaintiff failed to exhaust administrative remedies, the Court would examine Plaintiff's allegations that his RTS had been mishandled, making administrative remedies unavailable. However, Plaintiff's allegations concerning the handling of his RTS simply do not give rise to a

separate constitutional violation. The Court has further reviewed the docket sheet for N.D. Okla. Case No. 10-CV-617-GKF-FHM, and finds that Plaintiff met the filing deadlines in that case. Nothing contained in the amended complaint alters the Court's prior determination, see Dkt. # 3, that Plaintiff's claim of retaliation by Defendant Birch fails to state a claim upon which relief may be granted.

In addition, the Court previously determined that the relief sought in the original complaint was inappropriate because Plaintiff may not request habeas corpus relief in a civil rights action, he lacks standing to bring criminal charges against Defendants, and the claims asserted in the original complaint do not rise to the level of constitutional violations and, as a result, there would be no basis for an award of punitive damages. See Dkt. # 3. In the amended complaint, Plaintiff has not identified any relief he seeks. For that reason, the amended complaint fails to state a claim upon which relief may be granted.

Plaintiff was incarcerated when he commenced this action and he has been granted leave to proceed *in forma pauperis*. In addition, his amended complaint fails to state a claim upon which relief may be granted. The dismissal of the amended complaint is pursuant to 28 U.S.C. § 1915(e)(2)(B) and counts as Plaintiff's third[1] "prior occasion" under 28 U.S.C. § 1915(g) (providing that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was

---

[1] Two prior civil rights actions filed by Plaintiff, N.D. Okla. Case Nos. 09-CV-670-GKF-TLW and 10-CV-617-GKF-FHM, were dismissed for failure to state a claim upon which relief may be granted and counted as Plaintiff's first and second "prior occasions" under 28 U.S.C. § 1915(g).

dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury").

To summarize, Plaintiff's claims do not rise to the level of constitutional violations and his amended complaint does not cure the previously identified deficiencies. Therefore, Plaintiff's amended complaint shall be dismissed for failure to state a claim upon which relief may be granted. Plaintiff remains obligated to pay the full $350 filing fee in monthly installments.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. The civil rights complaint (Dkt. # 1), as amended (Dkt. # 6), is **dismissed** based on Plaintiff's failure to state a claim upon which relief may be granted.
2. The Clerk is directed to **flag** this dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) as Plaintiff's **third** "prior occasion" for purposes of 28 U.S.C. § 1915(g).
3. Plaintiff remains obligated to pay the full $350 filing fee in monthly installments.

**DATED** this 22nd day April, 2011.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT